OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the matter remitted to Supreme Court, New York County, with directions to remand to the New York State *687 Department of Social Services for further proceedings in accordance with this memorandum, and the certified question answered in the negative.
Following a utilization review conducted in 1984 and 1985 pursuant to Social Services Law § 398-b, petitioner, the New York City Human Resources Administration, was sanctioned by respondent, the State Department of Social Services (SDSS), for failure to meet regulatory mandates in its provision of foster care services. The principal issue on appeal is whether the State acted arbitrarily and capriciously in sanctioning the City for failure to comply with documentation requirements. The City contends that only noncompliance with standards governing the provision of services can properly be the basis for State sanctions under Social Services Law § 398-b and the regulations promulgated thereunder (see, 18 NYCRR part 430).
The regulations relevant here should be construed in accordance with a 1982 directive sent by respondent to petitioner and others involved in foster care. In the directive, SDSS interprets the regulations as allowing sanctions for documentation violations only when the documentation relates to (1) provision of mandated preventive services, (2) necessity of placement (except those parts requiring attempts to provide alternative living arrangements or actual provision of mandated preventive services), and (3) appropriateness of placement. These three categories constitute the headings and subject matter of 18 NYCRR 430.9, 430.10, and 430.11, respectively. Thus, for violations arising under those sections of the regulations (as limited by the exception mentioned in the directive), the City was properly held to a standard of strict compliance with the documentation requirements, regardless of whether the underlying mandated acts were performed.
The directive establishes a different regulatory scheme for documentation relating to "diligence of effort”, as required under 18 NYCRR 430.12. According to the directive, sanctions for documentation violations arising under section 430.12 must be voided if the City demonstrates that it in fact performed the acts mandated within the appropriate time frame, even though documentation of the acts was incomplete or technically improper.
The decision by the SDSS to ignore its own published interpretation of the relevant regulations in imposing sanctions constituted arbitrary and capricious action. On remand the scheme set forth in the directive should be applied.
*688 Finally, those sanctions imposed for violations of 18 NYCRR 428.3 ("Uniform case record requirements”) must be vacated. 18 NYCRR 430.13 (a) limits the State’s power to impose sanctions arising from a utilization review to violations of 18 NYCRR 430.9 through 430.12. Because a utilization review is authorized solely by Social Services Law § 398-b, the SDSS may not rely on section 409-f and the regulations promulgated thereunder as a basis for utilization review sanctions.
Petitioner’s remaining contentions are without merit.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum.
Order reversed, etc.